[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16547
Non-Argument Calendar

_____

Agency No. A95-896-825

FREDDY GUZMAN VELASCO,

                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 26, 2006)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Freddy Guzman Velasco (Guzman) petitions for review of the decision of

the Board of Immigration Appeals to deny his second motion to reconsider and reopen his removal proceedings on the basis of his application for adjustment of status. We deny his petition.

Guzman, a citizen of Colombia, was admitted to the United States as a non-immigrant on September 19, 1999, for a period not to exceed one year. Guzman remained in the United States beyond that one year and, on September 12, 2002, was charged with removability. 8 U.S.C. § 1227(a)(1)(B). Guzman conceded removability but requested withholding of removal, asylum, and protection under the Convention Against Torture. On February 13, 2004, the Immigration Judge denied the application for asylum on the ground that it was untimely and the applications for withholding of removal and protection under the CAT on the ground that Guzman had not established eligibility.

Guzman appealed, pro se, to the Board of Immigration Appeals, which affirmed the decision of the IJ on June 23, 2005. On July 15, 2005, Guzman filed a motion for reconsideration of the decision of the BIA. On August 12, 2005, the BIA denied the motion for reconsideration. On September 2, 2005, Guzman filed a second motion for reconsideration in which he requested that the BIA reconsider its decision of August 12, 2005, based on an alleged error in the decision of the IJ. Guzman also stated in his motion that he had married a U.S. citizen on August 12,

2

2005, and that he and his wife had filed a Form I-130, petition for alien relative, on August 26, 2005. Guzman requested further time to file the Form I-485 for adjustment of status.

On October 27, 2005, the BIA denied the motion to reconsider on the ground that it was numerically barred. The BIA also construed Guzman's motion broadly as a motion to reopen to apply for adjustment of status, and the BIA denied the motion to reopen on the ground that Guzman had not submitted the required Form I-485. The BIA also concluded that Guzman had failed to present sufficient evidence that his marriage was bona fide. Guzman retained counsel to file this appeal.

We review the denial of a motion to reconsider by the BIA for abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). We review the denial of a motion to reopen by the BIA for abuse of discretion. Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999).

First, the BIA did not abuse its discretion when it denied Guzman's second motion for reconsideration. "A party may file only one motion to reconsider any given decision [of the BIA] and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2). The motion Guzman filed on September 2, 2005, requested that the BIA reconsider its decision

3

of August 12, 2005, which involved the denial of Guzman's first motion to reconsider. Guzman's second motion to reconsider was numerically barred.

Second, the BIA did not abuse its discretion when it denied Guzman's motion to reopen. A motion to reopen to submit an application for relief must be accompanied by the application for relief and all supporting documentation. 8 C.F.R. § 1003.2(c)(1). Guzman failed to comply with the regulation because he did not submit a Form I-485 for adjustment of status.

The BIA also did not abuse its discretion when it determined that Guzman had failed to satisfy his burden of establishing a prima facie case of eligibility for adjustment. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). When an alien moves to reopen for an adjustment of status based on a marriage entered after the commencement of removal proceedings, the alien must present to the BIA clear and convincing evidence of a strong likelihood the marriage is bona fide. In re Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002). The only evidence Guzman submitted was the Form I-130, his wife's birth certificate, and a marriage license. This evidence related to whether a marriage took place, but it was not corroborated by evidence of a strong likelihood that the marriage was bona fide.

Evidence that a marriage is bona fide includes documentary evidence of joint ownership of property, joint tenancy, and commingling of assets, birth

4

certificates of children born of the couple, and affidavits from persons with personal knowledge of the bona fides of the marriage. 8 C.F.R. § 204.2(a)(1)(iii)(B). Guzman provided no such documentation. Guzman's argument that his pro se motion to reopen should be exempt from the requirements to file the proper forms and provide evidence of a bona fide marriage has no support in case law. Proceeding pro se does not exempt a litigant from the procedural and substantive requirements of the law. See, e.g., Faretta v. California, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541 n.46 (1975).

**PETITION DENIED.**